IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBERT SMITH, JR.,**
**Defendant Below, Petitioner**

**v.) No. 24-ICA-278**          (Cir. Ct. of Mingo Cnty. Case No. CC-30-2023-C-132)

**ROBERT SMITH,**
**Plaintiff Below, Respondent**

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Robert Smith, Jr., ("Son") appeals the June 5, 2024, order from the Circuit Court of Mingo County, which quieted title to a certain tract of real property in favor of Respondent Robert Smith ("Father"). Father filed a response.[1] Son did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From the outset, we find that the record on appeal is sparse, which limits this Court's recitation of the facts. From what can be gathered, this case stems from competing deeds held by the parties for the same parcel of land. Specifically, on July 10, 1990, Fred Mounts conveyed to Father by general warranty deed, certain real property described as:

> Lot Numbers One (1), Two (2), Three (3), and Four (4) in Block "2" of the McKenzie Addition to the Town of North Matewan, Mingo County, West Virginia, as shown and designated upon the Official Map of said Addition made by L.C. Linkous.

This deed was recorded on July 16, 1990 ("Father's Deed"). A subsequent "Corrective Deed of Conveyance" was executed on July 1, 1993, and later recorded wherein Fred Mounts purported to convey to Son the same tract of land previously conveyed to Father ("Corrective Deed"). Under the Corrective Deed's declaration of consideration/value, Son attested:

> I hereby declare that the consideration paid for the property conveyed by the instrument to which this declaration is appended is the sum of One Dollar

---

[1] On appeal, both parties are self-represented.

1

($1.00), said deed being for the purpose of correcting Grantee's name from Robert Smith to Robert Smith, Jr.

The circumstances leading up to this litigation are underdeveloped in the record. It appears that around 1993, Son approached Father about using the subject property as collateral for a home construction loan. However, the parties do not agree as to the details of this agreement. According to Son, he paid Father $1.00 for the July 1, 1993, Corrective Deed. Conversely, Father maintains that while he permitted Son to use the property as collateral, there was never an agreement about transferring the property into Son's name or adding the suffix "Jr." to the deed.

On May 29, 2015, Father placed a mechanic's lien on the subject property to secure Son's repayment of $28,000. No other context is provided for the nature of this debt. Son claims he had no notice of the lien until this litigation. On February 15, 2019, Father retained counsel who sent Son a demand letter, which referenced Son's use of the property as collateral for a loan, and Son's agreement to deed the property back to Father once the loan was satisfied.

Father filed the present action in circuit court on November 16, 2023, and on May 1, 2024, he filed a motion to quiet title. The record reflects that on May 2, 2024, a notice of filing setting a hearing for June 6, 2024, was filed. Also, on May 9, 2024, Father's counsel filed with the court a notice of hearing and certificate of service, reflecting that a hearing on the motion was scheduled for June 4, 2024, at 11:00 a.m. According to the certificate of service, Son was sent a copy of this notice by certified mail.

Son failed to appear at the June 4, 2024, hearing. By order entered on June 5, 2024, the circuit court held that according to the deeds at issue, Father's Deed was recorded three years prior to Son's claim that he purchased the property through the Corrective Deed. The circuit court also found that at the time of the Corrective Deed, Father held legal title to the property and that there was no deed within the chain of title from which Father had conveyed his interest in the property to Son. The circuit court found there was no evidence that Father intended to divest himself of his property interest and held that the Corrective Deed was void. The circuit court's order removed the cloud from Father's title and ordered the Corrective Deed to be set aside. This appeal followed.

On appeal, we apply the following standard of review:

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

2

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

On appeal, Son argues that he did not attend the June 4, 2024, hearing because he had received a letter indicating that a hearing was set for June 6, 2024. While the record reflects that on May 2, 2024, a notice of filing setting a hearing for June 6, 2024, was filed; the record further reflects that seven days later, on May 9, 2024, a notice of hearing, setting the hearing for June 4, 2024, was filed. There is no dispute that Son received both notices, as both were contained as exhibits in his appendix filed before this Court. Accordingly, based upon the documentation contained within the record, we find no merit in Son's argument that his receipt of a June 6, 2024, notice of filing negated his necessity to appear for the June 4, 2024, hearing that was properly noticed and was filed, in time, after the June 6, 2024, notice of filing.

Son's remaining argument challenges the sufficiency of the evidence to support the circuit court's ruling below. In support of this contention, Son claims the mechanic's lien and Corrective Deed contradict the circuit court's determination and show that Father transferred his interest in the property to him. However, Son's failure to file a response to the motion to quiet title or appear at the June 4, 2024, hearing precludes our consideration of these arguments. This Court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997). Here, Son failed to respond to the motion or appear at the hearing to defend against the motion and present evidence in support of his position. Thus, his exceptions to the circuit court's ruling were not preserved for review on appeal. Therefore, he has waived any arguments with respect to the merits of the circuit court's order.

Accordingly, the circuit court's June 5, 2024, order is affirmed.

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White